Judgment affirmed, with costs.

---

## WIDOW DE ST. ROMES v. SOURDES & CHASSAIGNAC.

*Where a second agreement has been entered into, which is conditional, and the party fails to comply with the obligations assumed therein by him, the original contract takes effect as the only one between the parties.*

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *G. Schmidt*, for plaintiff.

*L. Castera, for defendants and appellants.*—Our Civil Code, Art. 2040, reads: The dissolving condition is that which, when accomplished, operates the revocation of the obligation, placing matters in the same state as though the obligation had not existed.

It does not suspend the execution of the obligation; it only obliges the creditor to restore what he has received in case the Court provided for in the condition takes place.

That article is copied literally from Art. 1183 of the Nap. Code.

Toullier, vol. 6, p. 559, § 563, says: " Après avoir vu que l'accomplissement de la condition résolutoire, expressément stipulée, opère de plein droit la résolution de l'obligation, il faut voir quels sont les effets de cette résolution.

L'Art. 1183 nous l'enseigne d'une manière claire et énergique en disant qu'elle remet les choses au même état que si l'obligation n'avait pas existé, et qu'elle oblige le créancier à restituer ce qu'il a reçu."

Has plaintiff done what the law not only contemplates, but commands? No, she has kept the notes subscribed by us under the terms of the agreement of the 18th April, 1863, deeming it probably more profitable to invoke the resolutory clause of one contract, and yet to claim at the same time under that other contract whose existence is denied by her. But the law requires of any party who accuses the want of fulfilment, by another, of the obligations of a contract, to show that he has complied with his part of the contract. *Chase* v. *Turner*, 10 L. 23; *Boyd* v. *Craig*, 1 N. S. 625.

Plaintiff did by her own act forfeit all rights to claim the resolution of the contract.

Toullier, vol. 6, p. 605, par. 568, says: " S'il porte seulement que le contrat sera résolu de plein droit, ou par la seule échéance du terme, l'acquéreur peut empêcher la résolution en payant de suite, au moment même où il en est sommé."

ILSLEY, J. The facts of this case are correctly stated in the brief of the appellee. They are to the following effect.

On the 1st October, 1859, the defendants leased of the plaintiff a house, on Chartres street, for the period of one year, for the sum of twelve hundred dollars, the rent payable monthly, say, one hundred dollars per month; and the lease stipulates that if neither party give written notice one month prior to the expiration of the lease, it was to be in full force as if renewed yearly.

On the 18th April, 1863, the defendants being then indebted to the plaintiff in the sum of one thousand dollars, for ten months' rent, and they having then paid her one hundred dollars in reduction of their indebtedness, she agreed to accept their two notes for four hundred and forty-five dollars each, at three and five months, from the 1st of April, 1863, in full of all claims up to the 28th February, 1863, and she executed likewise a note for one hundred and ten dollars, at five months, to be void if the two last named notes for four hundred and fifty dollars each were paid; and it was further stipulated that the rent for the month of March should be paid at the signing of the said agreement, and that of the following months before the 8th day of each month.

On these conditions the plaintiff reduced the rent from one hundred to seventy dollars per month, stipulating, however, expressly, that the failure to comply with any part of the above agreement would render the whole null, and restore the original lease as if the above agreement had not been executed; and the plaintiff having in vain applied for the payment of the rent for the months of April and May, 1863, fell back on her original contract of lease, and brought the present suit.

The answer of the defendant sets up the aforesaid agreement, admits the non-payment of the rent during the months of April and May, and says that they were unable to do so; and he further says that the plaintiff has not offered to return him his notes.

Judgment was rendered by the lower Court in favor of the plaintiff, in conformity with the original lease, and after an ineffectual application for a new trial, the defendants have appealed.

This is not a direct action to rescind the second agreement entered into between the parties to this suit. The second agreement was a conditional one, and the defendants having failed to comply with the obligations assumed therein by them, the original contract of lease again took effect as the sole contract between the parties.

We do not think that a tender of the notes marked D, E, H, to the defendants, previous to the inception of their action, was necessary, and as they are filed in Court, subject to their control, that is all that can be required.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, at the costs of the appellant.

HOWELL, J., recused.